UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DONALD P. LARIVIERE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:11-cv-00326-GZS |
| | ) |
| BANK OF NEW YORK AS | ) |
| TRUSTEE, *et als.*, | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

Donald P. Lariviere has recommenced civil proceedings against the Bank of New York, as Trustee, Litton Loan Servicing LP, Bank of America, Mortgage Electronic Registration Systems Inc., and John and Jane Does, complaining of a fraudulent scheme and conspiracy to defraud him in connection with the provision of mortgage loan financing, the securitization of his mortgage-backed debt obligation, and the foreclosure on his interest in a residence located at 3 Devotion Avenue, Sanford, Maine. Mr. Lariviere twice previously filed suit against Defendants in York County Superior Court and each time the defendants involved in the foreclosure proceedings have removed the action to federal court, as they have once again. Defendants Bank of New York, As Trustee, Litton Loan Servicing, and Mortgage Electronic Registration Systems request summary dismissal on res judicata grounds. Defendant Bank of America also requests dismissal on res judicata grounds, but also asserts that the complaint fails to state a claim. Plaintiff Lariviere requests a remand. The Court referred the matter for report and recommended decision. For reasons that follow, I once more recommend that the Court dismiss Lariviere's claims, with prejudice.

**BACKGROUND**

This Court has twice dismissed, with prejudice, proceedings brought by Donald Lariviere and his wife, Doris Lariviere, challenging the lawfulness of a mortgage loan and a foreclosure obtained against a residential property located in Sanford, Maine. The Larivieres contended then, as Donald Lariviere contends now, that Defendants misled them, perpetrated a fraud, engaged in usurious and predatory lending practices, and breached various laws associated with residential mortgage lending by the manner in which they presented loan options, by failing to disclose that the loan being offered would be assigned to other entities, and, following the closing, by selling the Larivieres' secured debt so that it could be bundled into mortgage-backed securities. (Compl. ¶¶ 9-10, 13.) Most significantly, the Larivieres complain that these practices somehow contributed to their default (id. ¶ 12) and they contend that the resulting foreclosure proceedings in state court were legally flawed because the foreclosing plaintiff was, allegedly, not the holder of the promissory note or a proper assignee of the right of foreclosure stated in the mortgage instrument as of the date it commenced foreclosure proceedings (id. ¶¶ 16-17). Donald Lariviere describes Defendant Litton Loan Servicing as "the foreclosing lender"; Defendant Bank of New York as trustee for the holders of a certain series of asset-backed securities; and Defendant Mortgage Electronic Registration Systems (MERS) as "the nominee" of the lender and the "grantee under the Security Instrument." (Compl. ¶¶ 2-4.) Defendant Bank of America is identified in the complaint as a successor-in-interest to "Countrywide," which allegedly purchased the Larivieres' loan from First Residential Mortgage Network[1] before that loan was passed along through "unknown investors" to eventually reach Litton Loan Servicing, though Donald Lariviere disputes the contention that Litton is actually the holder of the note. (Id. ¶ 9.) A number of Jane and John Doe defendants are also named. Donald Lariviere describes these

---

[1] First Residential Mortgage Network is the lender identified in the originating loan documents.

defendants as "potential Defendants whose names, locations, and capacities are not yet known or understood." (Id. ¶ 5.)

**A.      Prior Litigation**

Donald Lariviere has been a party plaintiff in two other actions previously removed to this Court from Maine state courts.  In October 2009, Defendant Litton removed from Maine Superior Court, York County, an action commenced by the Larivieres asserting violations of numerous federal and state laws based on the same nucleus of operative facts and identifying the same party defendants.  The removal was premised on federal question and supplemental jurisdiction.  (Case No. 2:09-cv-00515:  Doc. No. 1.)  The Court granted a motion to dismiss filed by Defendants Bank of New York, as Trustee, Litton Loan Servicing, and MERS, and dismissed the Larivieres' complaint with prejudice.  (Id.:  Doc. No. 32.)  The Clerk entered judgment of dismissal, which judgment extended to Bank of America, as well, but explicitly referenced an order calling for Bank of America's dismissal to be based on failure to effectuate service.  (Id.:  Doc. Nos. 27, 35.)  The Larivieres failed to appeal the judgment.

In August 2010, Defendants Litton and MERS removed from Maine Superior Court, York County, another action filed by the Larivieres concerning the same loan and foreclosure.  That time, however, the complaint did not recite any federal claims and Litton and MERS premised the removal on this Court's diversity jurisdiction.  (Case No. 2:10-cv-00336-GZS:  Doc. No. 1.)  Defendants Bank of New York, Litton Loan Servicing, and MERS filed a motion to dismiss the new claims on the basis of res judicata.  (Id.:  Doc. No. 8.)  The Court granted the motion and dismissed the claims against those defendants with prejudice.  The Clerk's judgment of dismissal extended to Defendant Bank of America and the case was terminated, without Bank

3

of America ever entering an appearance. (Id.: Doc. Nos. 12, 13.) The Larivieres failed to appeal the judgment.

**B.      Current Litigation**

On August 24, 2011, Defendants Bank of New York, Litton Loan Servicing, and MERS removed from Maine Superior Court, York County, the instant proceeding commenced by Donald Lariviere. The notice of removal is once more premised on diversity jurisdiction.[2] (Doc. No. 1.) Defendants Bank of New York, Litton Loan Servicing, and MERS filed a motion to dismiss on res judicata grounds. (Doc. No. 12.) Defendant Bank of America has filed a separate motion adopting and joining in the Bank of New York's motion and also asserting failure to state a claim for which relief may be granted. (Doc. No. 13.) Discovery has been stayed pending resolution of the motions to dismiss and no scheduling order has issued. (Doc. No. 16.)

In opposition to the motions, Donald Lariviere contends that the instant proceeding is different from the prior proceedings because he now requests "full Discovery process," explaining that he wants to demand inspection of the original note and conduct other discovery directed at discovering the legitimacy of the foreclosure proceeding. (Pl.'s Objection at 2, Doc. No. 18.) He asks that the case be remanded to the Superior Court so he can obtain a declaration that the foreclosure was illegal and void, and reversal of foreclosure, though he also repeats prior

---

[2]      The notice reports an intervening proceeding in United States Bankruptcy Court, District of Maine, where the Larivieres also attempted to pursue claims for damages against Defendants. That proceeding is identified on the Bankruptcy Court's docket as In re Donald Paul Lariviere and Doris Gabrielle Lariviere, Case No. 2:10-bk-20970, with a file date of June 17, 2010, and a termination date of September 28, 2011. The bankruptcy adversary proceeding against Defendants is identified as Lariviere et al. v. Bank of New York et al., Case No. 2:10-ap-02065, with a file date of December 3, 2010, and a termination date of April 14, 2011. The gist of that adversary proceeding appeared to be that Defendants, through sales of the mortgage-backed securities, received proceeds in excess of the underlying secured debt and thereby relieved the Larivieres of their obligation to pay on the note. The Larivieres further challenged the legitimacy of state court foreclosure proceedings, including a September 2009 trustee sale of the premises. The Bankruptcy Court dismissed the adversary proceeding on March 29, 2011, with prejudice, on the basis of res judicata. (Case No. 2:10-ap-02065: Doc. No. 24.)

4

demands for money damages. (Id. at 4.) This request has been construed as a motion for remand. (Doc. No. 20.)

Defendants reply that removal was proper, explain that every defendant is an out-of-state entity and that the amount in controversy exceeds $75,000, and object that Lariviere's request for remand is not properly submitted in the form of a motion. (Doc. No. 21.) Finally, Lariviere objects that he should be able to obtain discovery, concedes that the defendants have state citizenship diverse from his own, offers no objection concerning the amount in controversy, but maintains that remand is appropriate because "Defendants had provided [a] loan to plaintiff in present county and foreclosure proceedings have also originated in the present county and so there is no diversity attached to Defendants." (Pl.'s Reply at 2, ¶ 1, Doc. No. 22.)

## DISCUSSION

Defendants' removal of the instant action to federal court on the grounds of diversity of citizenship was permissible. In light of prior proceedings in this Court, it is appropriate for this Court to, once again, dismiss all claims against Defendants Bank of New York, Litton Loan Servicing, and MERS on res judicata grounds. Because claims against Defendant Bank of America were part and parcel of the prior actions, dismissal on res judicata grounds should extend to Bank of America as well. Additionally, a review of the current complaint fails to conjure any plausible legal basis for imposing on Bank of America liability to Donald Lariviere based on Bank of America's alleged role or participation in a financial scheme involving the securitization of mortgage-back debt obligations, or otherwise. To the extent that Lariviere's pro se pleadings demonstrate his desire to obtain reversal of a foreclosure, the proper way for Lariviere to go about that is to file a motion for relief from judgment pursuant to Rule 60(b) of the Maine Rules of Civil Procedure, assuming that any viable grounds exist for such a

proceeding. Such a claim is not presently before the Court on the instant pleadings, because such a claim must be filed on the docket of the foreclosure case. Consequently, there is no residual claim in this case to remand to the Superior Court.

A. **The Federal Courts' Removal Jurisdiction**

Pursuant to federal law, a defendant in a lawsuit commenced in state court may elect to remove the lawsuit to federal district court if the action is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(a). The bases for the district court's exercise of original jurisdiction are defined elsewhere in the United States Code. These include federal question jurisdiction, where the case includes claims arising under federal law, id. § 1331, and also diversity jurisdiction, where the case is limited to state law claims, but the defendants are all citizens of a state different than the state in which the plaintiff resides, id. § 1332. When a case presents federal claims, a defendant may remove the case regardless of diversity of citizenship. Id. § 1441(b). If the case does not include any federal claims, a defendant may still remove it to federal district court, but only if no party defendant is a citizen of the state in which the action is brought. Id. The procedure for removing a case from state court is found in 28 U.S.C. § 1446. The procedure for seeking remand is found in 28 U.S.C. § 1447.

The current proceedings were appropriately removed from the state court based on diversity of citizenship. Lariviere concedes that Defendants all have citizenship and/or reside in states other than the State of Maine, where he resides. Lariviere does not dispute Defendants' assertion that the amount in controversy exceeds $75,000, based on an original mortgage indebtedness in the amount of $143,200. (Case No. 2:09-cv-00515-GZS: Doc. No. 19-5 at 1 ¶ E.) Because the existing claims are within this Court's original jurisdiction, remand is not an option in this case.

B.     **The Doctrine of Res Judicata**

Under federal law, the doctrine of res judicata bars relitigation of claims where "(1) there is a final judgment on the merits in an earlier action; (2) 'sufficient identity' exists between the parties in the earlier and later suits, and (3) 'sufficient identity' exists between the causes of action in the two suits." United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998); see also Johnson v. SCA Disposal Servs., Inc., 931 F.2d 970, 974 (1st Cir. 1991) (explaining that in diversity cases federal law determines the preclusive effect of prior judgments). The res judicata standard "boils down to whether the causes of action arise out of a common nucleus of operative facts." Mass. Sch. of Law at Andover, Inc. v. Am. Bar. Ass'n, 142 F.3d 26, 38 (1st Cir. 1998).

Defendants Bank of New York, as Trustee, Litton Loan Servicing, and MERS are all entitled to dismissal with prejudice based on the doctrine of res judicata. All of the claims presented against them in the instant action were previously presented, or could have been, and arise out of the same nucleus of operative facts. The Court's prior judgment of dismissal resolved those claims on the merits because the judgment entered with prejudice.

C.     **Bank of America**

Bank of America requests the dismissal on res judicata grounds of the claims against it, as well. The Court previously extended its judgment of dismissal to Bank of America in case number 2:10-cv-00336-GZS, which judgment the Larivieres failed to appeal. That judgment was a judgment on the merits, premised on a recommendation that the complaint be dismissed in its entirety on res judicata grounds. (Case No. 2:10-cv-00336-GZS: Recommended Decision at 3, Doc. No. 9.) The Recommended Decision implicitly invited the Larivieres to articulate some basis for their action to proceed against Bank of America despite the dismissal of their claims against the other named defendants (i.e., those parties that allegedly played a role in the

7

declaration of default and in the commencement of foreclosure proceedings).[3] (Id.: Recommended Decision at 3 n.1.) The Larivieres objected to the Recommended Decision, but failed to articulate or brief what cause of action they could independently maintain against Bank of America. (Id.: Objection to Recommended Decision, Doc. No. 10.) In this context, the Court's dismissal of the entire action in case number 2:10-cv-00336-GZS might be construed as a dismissal on the merits even with respect to Bank of America, though Bank of America did not appear. See Fed. R. Civ. P. 41(b). If treated in that fashion, the prior judgment would allow for application of res judicata as to claims against Bank of America.

Alternatively,[4] the Court could dismiss the claims against Bank of America for failure to state a claim. When deciding whether to dismiss a claim or action for failure to state a claim, the court must accept as true the factual allegations of the complaint, draw all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determine whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). However, to properly allege a civil action in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiffs to a harm for which the law affords a remedy. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The

---

[3] For a discussion of wrongful foreclosure and fraud legal theories asserted in the context of the MERS method of mortgage recordation, see Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir. 2011) ("Even if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose."). Although the Maine Supreme Judicial Court has held that MERS does not have standing to institute a foreclosure action in its own name, it has indicated that the holder of the debt secured by a mortgage registered under MERS does have standing to pursue a foreclosure action. Mortg. Elec. Registration Sys. v. Saunders, 2 A.3d 289, 292, 300 (Me. 2010).

[4] Bank of America "reserves the right to argue on its own behalf . . . and to file such further materials . . . which may be necessary" if res judicata is held not to apply to them in this scenario. (Doc. No. 13 at 1.) Presumably, this is meant, in part, to preserve Bank of America's alternative request for dismissal based on failure to state a claim, pursuant to Rule 12(b)(6). I believe that Lariviere's complaint fails to state a claim under existing law for reasons indicated in the body of this Recommended Decision. However, the Court may wish to obtain further briefing from Bank of America.

pleadings of pro se plaintiffs are subjected to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), and a court may provide a pro se litigant with some indication of what the law demands, along with an opportunity to amend, when it appears that justice so requires. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004.

Bank of America is named twice in the complaint and is named as a defendant because it acquired Countrywide, which allegedly was at one time a holder of the note originated by First Residential Mortgage Network. The complaint does not demonstrate that Bank of America was the originating lender, the lender/holder who declared the Larivieres to be in default, or the lender/holder who initiated foreclosure proceedings. As neither the originating lender nor the foreclosing party, Bank of America does not appear to be an appropriate defendant in this particular case. Assuming for the sake of argument that Bank of America was the entity responsible for bundling and securitizing Lariviere's mortgage-backed debt obligation, Lariviere has not identified any legal precedent indicating that the decision to bundle and securitize mortgage-backed debt gives rise to liability under existing law insofar as individual mortgagors are concerned. Nor have I been able to ascertain, let alone articulate, a plausible legal basis for such an action. Thus, even though the pro se plaintiff is entitled to have his complaint read in a generous spirit, a plausible basis for relief is not apparent from the pleadings. Because the complaint fails to set forth a plausible basis to understand why Bank of America would be subject to liability to Donald Lariviere for purchasing his loan, securitizing his loan, or selling it to another party, I recommend that the Court dismiss the complaint, with prejudice, for failure to state a claim.

## CONCLUSION

For the reasons set forth above, I RECOMMEND that the Court GRANT Defendants Bank of New York, Litton Loan Servicing, and Mortgage Electronic Registration Systems'

9

Motion to Dismiss (Doc. No. 12); GRANT Defendant Bank of America's Motion to Dismiss (Doc. No. 13); DENY Plaintiff Lariviere's Motion to Remand (Doc. No. 20); and DISMISS all of the claims in the complaint WITH PREJUDICE.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 17, 2011